IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **EDUARDO GUADALUPE VIZCAYNO,** | § | |
| **TDCJ No. 2042663,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00033-M-BP |
| | § | |
| **JOSEPH EASTRIDGE,** | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant Joseph Eastridge's Motion for Summary Judgment with brief in support (ECF Nos. 33, 34) and Plaintiff Eduardo Vizcayno's pleading entitled "Memorandum of Law" (ECF No. 37), which the undersigned liberally construed as a response to the Motion for Summary Judgment. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** the Motion (ECF No. 33) and **ENTER SUMMARY JUDGMENT** in favor of Defendant Eastridge.

### I. BACKGROUND

Eduardo Vizcayno is an inmate in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 1. On March 20, 2020, Vizcayno sued Joseph Eastridge, a nurse practitioner who works at the prison, alleging Eighth Amendment violations arising from Eastridge's provision of medical services. *Id.* Vizcayno says Eastridge withheld pain medication despite Vizcayno's repeated requests, causing him to experience unnecessary discomfort from neck injuries he sustained in December 2013. *Id.* at 4. While

unconnected to Eastridge, Vizcayno also alleges TDCJ officers purposefully delayed his clinic access after he broke his knuckle in December 2019. *Id.* With respect to that injury, Vizcayno accuses Eastridge of an unspecified form of "medical malpractice" and alleges Eastridge and an unidentified physician conspired to delay Vizcayno's access to naproxen and prevent him from obtaining a brace for his injured hand. *Id.* The Complaint also references "hazing" and "racial slandering" but leaves unclear if these allegations are connected to Eastridge. *Id.*

Eastridge moved for summary judgment on October 27, 2021. ECF No. 33. Among other arguments, Eastridge asserts summary judgment is appropriate because Vizcayno failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"). *Id.* The Court ordered Vizcayno to respond to Eastridge's Motion by November 18, 2021. ECF No. 35. Vizcayno filed his "Memorandum of Law" on November 12, 2021. ECF No. 37. While it did not directly address Eastridge's Motion, the undersigned liberally construed that filing as a response to the Motion because it touched on the same allegations regarding Vizcayno's access to adequate healthcare while incarcerated. Although the response failed to counter Eastridge's summary judgment arguments, it reiterated claims in Vizcayno's Complaint and further hinted TDCJ officers purposefully interfered with Vizcayno's access to the prison clinic. *Id.* at 1.

## II.  LEGAL AUTHORITIES

### A.  Summary Judgment

Courts grant summary judgment if "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law, and a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

*Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (cleaned up). The party seeking summary judgment "bears the initial responsibility of . . . identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which . . . demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant "may meet its burden by simply 'pointing to an absence of evidence to support the nonmoving party's case.'" *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 544 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).

If the movant presents a "properly supported motion for summary judgment, the burden shifts to the nonmovant to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "The evidence of the non-movant "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nonetheless, the nonmovant may "not rest upon the allegations or denials contained in its pleadings." *Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 383 (5th Cir. 2000).

### B.   PLRA Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because such exhaustion is mandatory, "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). To allow otherwise would

undermine one of the Act's primary aims, as "[t]he PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).

"Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Nussle*, 534 U.S. at 525. In keeping with this legislative intent and a contextually appropriate reading of "prison conditions," the Supreme Court has held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. Unexhausted claims warrant dismissal without prejudice so "the litigant can refile if he exhausts or is otherwise no longer barred by the PLRA requirements." *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019).

### III.   ANALYSIS

Review of the summary judgment record confirms Eastridge is entitled to summary judgment, as no genuine dispute of material fact remains in this case, and he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Under the PLRA, administrative exhaustion is a mandatory prerequisite to filing suit. *See* 42 U.S.C. § 19973(a); *Gonzales*, 702 F.3d at 788. Thus, the Court's analysis starts with the exhaustion issue, and if a claim is deemed unexhausted, the analysis ends there too. *Id.* Here the record reflects Vizcayno's claim is unexhausted, and no evidence exists "such that a reasonable jury could return a verdict for the non-moving party." *Renwick*, 901 F.3d at 611. Because the summary judgment record is conclusive on that point, the Court should enter summary judgment in Eastridge's favor.

As Eastridge's Motion explains, the TDCJ has a two-step process for administrative grievances "and provides inmates with detailed instructions on how to properly complete the grievance procedures." ECF No. 34 at 11; *see also Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). Inmates must complete this process before suing their place of incarceration, its officials, or other related entities. *Johnson*, 385 F.3d at 516. For instance, in *Wright v. Hollingsworth*, the Fifth Circuit affirmed dismissal of another case alleging deliberate indifference to the inmate's medical needs, even though the inmate had completed step one of the TDCJ's process, because the inmate "did not pursue the grievance remedy to conclusion." 260 F.3d 357, 358 (2001). If dismissal was proper where the inmate failed to *complete* the TDCJ's administrative process, surely it remains proper here where the inmate never *initiated* that process from the start. The clarity of the law on this matter, combined with the entirely one-sided summary judgment record, proves fatal to Vizcayno's lawsuit.

TDCJ policies direct inmates to allege facts corresponding to specific persons against whom they allege grievances. *See Johnson*, 385 F.3d at 518; TEX. DEP'T OF CRIM. JUST., OFFENDER ORIENTATION HANDBOOK 73-75 (2017). The summary judgment record includes the full log of Vizcayno's grievances while incarcerated at the TDCJ's Allred Unit. *See* ECF No. 34-1 at 212-254 (Ex. A). Missing from Vizcayno's grievances from the relevant timeframe is a single grievance filed against Eastridge. *Id.* Given the irrefutable proof Vizcayno's claims are unexhausted, the Court has "no discretion" to entertain his lawsuit further. *Gonzales*, 702 F.3d at 788. Accordingly, Chief Judge Lynn should dismiss this lawsuit without prejudice to Vizcayno's right to refile if he exhausts the relevant remedies or is otherwise no longer barred by the PLRA's requirements. *Bargher*, 928 F.3d at 447.

Vizcayno alleges serious acts of impropriety and more than a few violations of his constitutional rights. *See, e.g.*, ECF Nos. 1 at 4, 37 at 1. His allegations run the gamut from medical malpractice to "hazing" to indifference to his serious medical needs to various forms of racially discriminatory behavior. *Id.* The allegations implicate far more than Eastridge, including multiple TDCJ officers and at least one physician. *Id.* The Court cannot and should not take those lightly. Nevertheless, the law does not permit Vizcayno to circumvent the TDCJ's grievance procedures by suing Eastridge directly in this court. 42 U.S.C. § 1997e(a); *see Porter*, 534 U.S. at 524-25. To allow otherwise would undermine § 1997(e)'s primary purpose of "reduc[ing] the quantity and improv[ing] the quality of prisoner suits." *Porter*, 534 U.S. at 525. Once a claim has passed through the TDCJ's two-step process, it is less likely to prove completely meritless. *Id.* At this juncture, Vizcayno's claims have not passed that necessary threshold.

If Vizcayno wishes to pursue this matter further, he is free to follow the TDCJ's standard grievance process and once again file suit after he exhausts his administrative remedies if he finds no resolution there. *Bargher*, 928 F.3d at 447. However, Eastridge presented a "properly supported motion for summary judgment," and Vizcayno has not met his responsive burden by "show[ing] with 'significant probative evidence' that there exists a genuine issue of material fact" in this matter. *See Hamilton*, 232 F.3d at 477 (quoting *Conkling*, 18 F.3d at 1295). This would admittedly be impossible, as Eastridge presented undeniable evidence Vizcayno has not exhausted the claims set forth in his Complaint. *See* ECF No. 34-1 at 212-254 (Ex. A). Accordingly, Chief Judge Lynn should grant the Motion for Summary Judgment. ECF No. 33.

**IV.   CONCLUSION**

Vizcayno filed no grievances related to Eastridge or any of the Complaint's allegations within the timeframe relevant to this lawsuit. The PLRA requires him to do so. *See* 42 U.S.C.

§ 1997e(a). Unless and until he exhausts the TDCJ's two-part administrative process, he cannot bring this lawsuit. Accordingly, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** the Motion for Summary Judgment (ECF No. 33) and **ENTER SUMMARY JUDGMENT** in favor of Defendant Eastridge.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 15, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE